(133 So. 750)

## YOUNG v. STATE.

### 8 Div. 69.

Court of Appeals of Alabama.
April 7, 1931.

Jas. C. Roberts, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

## BRICKEN, P. J.

The record proper in this case appears regular in all things. The indictment is in proper form and substance, and charges that this appellant "did distill, make or manufacture alcoholic, spirituous or malt liquors, a part of which was alcohol"; and, in the second count, that he had in his possession a still, etc., to be used for the purpose of manufacturing alcoholic, spirituous, or malted liquors, a part of which was alcohol, contrary to law, etc. The judgment entry discloses this case was tried in the court below on September 19, 1929, but notwithstanding this the appeal was not submitted in this court until March 19, 1931, which as will be seen was exactly eighteen months from the date of the trial in the lower court. There was a general verdict of guilty whereupon the court sentenced the defendant to serve at hard labor in the penitentiary for not less than two years and not more than two years and six months.

In the transcript before us there appears a purported bill of exceptions by which innumerable insistences of error are attempted, but this purported bill of exceptions bears no signature of the trial judge. It has never been signed. The purported bill is therefore innocuous, inoperative, and can be accorded no force and effect. A bill of exceptions is a formal statement in writing of the objections and exceptions taken by a party during the trial of a cause to the decisions, rulings, or instructions of the trial judge, stating the objections and exceptions with the facts and circumstances on which it is founded, and, in order to attest its accuracy, signed by the trial judge; the object being to put the controverted rulings or decisions upon the record for the information of the appellate court. The mandatory provisions heretofore existing as to presenting and signing a bill of exceptions have been materially modified by recent statutory amendments, but under the statutes even as amended there is no bill of exceptions unless it bears the signature of the trial judge, or settled and established by an appellate court judge under the provisions of the statutes. Sections 6436, 6437, of the Code 1923.

In this case, therefore, we are without authority to consider any question except the regularity of the record proper. As stated, no error appears in this connection; therefore the judgment of conviction in the lower court from which this appeal was taken is affirmed.

Affirmed.